UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**CHRISTOPHER JOHN HOPSON,**

 **Petitioner,**

**v.**             **No. CV 16-719 JAP/KBM**
              **CR 03-677 JAP**

**UNITED STATES OF AMERICA,**

 **Respondent.**

**MEMORANDUM OPINION AND ORDER**

Petitioner Christopher Hopson (Petitioner) has moved to correct his sentence, arguing that he is not a career offender because his prior burglary conviction does not qualify as a crime of violence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* DEFENDANT CHRISTOPHER HOPSON'S PETITION TO CORRECT HIS ILLEGAL SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1) (Petition). The United States opposes the Petition and, in the alternative, requests a stay of the proceedings pending the Supreme Court's decision in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S.Ct. 2510 (June 27, 2016). *See* UNITED STATES' RESPONSE TO DEFENDANT'S PETITION TO CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND MOTION FOR A STAY OF PROCEEDINGS UNTIL THE SUPREME COURT ISSUES ITS OPINION IN *BECKLES V. UNITED STATES* (Doc. No. 9) (Response). Petitioner opposes a stay. *See* AMENDED REPLY TO UNITED STATE'S [sic] RESPONSE TO DEFENDANT'S PETITION TO CORRECT HIS SENTENCE PURSUANT TO 28 USC [sic] § 2255 AND MOTION FOR STAY OF PROCEEDINGS PENDING UNTIL THE SUPREME COURT'S [sic] ISSUES ITS OPINION

1

IN *BECKLES V. UNITED STATES* (Doc. No. 12) (Reply). The United States maintains that a stay is appropriate. *See* UNITED STATES' SUR-REPLY IN SUPPORT OF ITS MOTION FOR A STAY OF PROCEEDINGS UNTIL THE SUPREME COURT ISSUES ITS OPINION IN *BECKLES V. UNITED STATES* (Doc. No. 13, Ex. 1) (Surreply). Because a delay could prejudice Petitioner, the Court will deny the motion for a stay of proceedings. But concluding that Petitioner remains properly classified as a career offender based on two prior convictions for crimes of violence, the Court will deny the Petition on the merits.

## I.     BACKGROUND

In 2003, Petitioner was found guilty of armed bank robbery (Count I), contrary to 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during and in relation to a crime of violence (Count II), contrary to 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Hopson*, No. CR 03-677 JAP (D.N.M. Sept. 10, 2003), Doc. No. 46. The penalty for bank robbery when armed with a dangerous weapon is a maximum of twenty-five years' imprisonment. 18 U.S.C. § 2113(d). Brandishing a firearm merits an additional minimum of seven years' time that must follow the robbery sentence. 18 U.S.C. § 924(c)(1)(A)(ii); *United States v. Battle*, 289 F.3d 661, 667 (10th Cir. 2002) ("§ 924(c)(1) mandates a consecutive sentence for the use of a firearm in the commission of a violent crime[.]").

The Court sentenced Petitioner as a career offender under U.S.S.G. § 4B1.1 based on his prior convictions for armed robbery and residential burglary. *Hopson*, No. CR 03-677 JAP, Doc. No. 43; Presentence Investigation Report (PSR) ¶ 31. The career offender Guidelines resulted in an enhanced offense level of 34 and criminal history category of VI. *Hopson*, No. CR 03-677 JAP, Doc. No. 43; § 4B1.1. The resulting advisory Sentencing Guidelines range was 262–327 months for Count I, to be followed by the mandatory consecutive firearm penalty of at least 84

months for Count II. *Hopson*, No. CR 03-677 JAP, Doc. No. 43. The Court imposed a sentence of 262 months, at the bottom of the Guidelines range, to be followed by the minimum firearm penalty of 84 months, for a total sentence of 346 months. *Id.* Petitioner has been in custody since his arrest in March 2003, for approximately 166 months. *See id.*, Doc. 7; PSR (noting an arrest date of March 12, 2003, and 141 days in custody as of July 31, 2003).

Petitioner argues that he should be resentenced because his prior conviction for burglary no longer qualifies as a crime of violence after *Johnson*. Pet. at 1. He asks this Court to apply *Johnson* retroactively to his case on collateral review and to resentence him without the career offender enhancement. *Id.* The United States contends that Petitioner is not eligible for relief because *Johnson* is not retroactively applicable to his case, but also asks the Court to stay these proceedings pending a decision in *Beckles*. Resp. at 12.

## II.     DISCUSSION

A career offender is subject to an enhanced offense level and criminal history category, resulting in a higher Sentencing Guidelines range. *See* U.S.S.G. § 4B1.1. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* At the time of Petitioner's offense, a crime of violence was defined as any felony that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (2000).

The Supreme Court held in *Johnson* that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague, so that its application to impose an increased sentence was a violation of due process. 135 S.Ct. 2551, 2557, 2563. *Johnson* applies retroactively to all ACCA cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). *Johnson* also applies to cases on direct appeal where an enhanced Guidelines range was derived from application of the residual clause in the Sentencing Guidelines, which the Tenth Circuit Court of Appeals has held unconstitutional in light of *Johnson*. *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015).

Petitioner does not contest the classification of his current conviction for armed bank robbery or his prior conviction for armed robbery as crimes of violence. But Petitioner argues that his prior burglary conviction could have qualified as a crime of violence only under the residual clause of § 4B1.2(a), so that he does not have two prior qualifying convictions and should not be classified as a career offender after *Johnson*. Pet. at 3. The United States does not address the merits of Petitioner's argument regarding his burglary conviction. Instead, the United States contends that *Johnson* is procedural rather than substantive when it is applied to the Sentencing Guidelines, and therefore that *Johnson* does not apply retroactively to Guidelines cases on collateral review. Resp. at 4.

A.   **Motion for a Stay of Proceedings**

The retroactive applicability of *Johnson* to Guidelines cases is currently before the Supreme Court in *Beckles*, and the United States argues that this Court should stay its proceedings until *Beckles* is decided. Resp. at 12. Petitioner maintains that he would be prejudiced by the issuance of a stay because he has already served more time than the corrected

Guidelines range. Reply at 3. He asserts that his Guidelines range would have been 77–96 months without the career offender enhancement. *Id.*

The United States points out that Petitioner's calculation of his amended Guidelines range has only taken into account the sentence applicable to Count I. Surreply at 3. Without the career offender enhancement, Petitioner's offense level for Count I would have been 22 and his criminal history category V, leading to the Guidelines range of 77–96 months on which Petitioner relies. *Id.* But the mandatory 84 month consecutive sentence for Count II must still be added to this range. *Id.* The firearm penalty is based on Petitioner's conduct in Count I, not on any prior offenses, so it is unaffected by *Johnson*. *See* § 924(c)(1)(A)(ii). This correction results in an amended Guidelines range of 161–180 months if Petitioner were to prevail on the merits of his claim. Surreply at 3. Because Petitioner has already served more than the lower end of this amended range, the Court will deny the United States' motion for a stay of proceedings. *See United States v. Carey*, No. 16–8093, ⸺ F. App'x ⸺, 2016 WL 6543343 (10th Cir. Nov. 4, 2016) (unpublished) (granting a writ of mandamus directing the district court to rule on a § 2255 motion without waiting for *Beckles* when the petitioner could be eligible for immediate release if his claim was meritorious).

      **B.**      **Retroactive Application of *Johnson* to Guidelines Cases on Collateral Review**

A new rule is retroactively applicable to cases on collateral review only if it is substantive rather than procedural, or if it represents a "watershed" change in criminal procedure that impacts accuracy or fundamental fairness. *See Welch*, 136 S. Ct. 1264 (citing *Teague v. Lane*, 489 U.S. 288, 310 (1989)). A substantive rule "alters the range of conduct or the class of persons that the law punishes," and includes "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or

persons covered by the statute beyond the State's power to punish." *Id.* at 1264–65 (internal quotation marks and citation omitted). By contrast, a procedural rule "regulate[s] only the *manner of determining* the defendant's culpability." *Id.* at 1265 (emphasis in original) (internal quotation marks omitted). It does not create "a class of persons convicted of conduct the law does not make criminal." *Id.* (internal quotation marks omitted).

The Supreme Court determined in *Welch* that the rule announced in *Johnson* was substantive, and therefore retroactive, because *Johnson* narrowed the reach of the ACCA by limiting the offenses that qualified for an enhanced sentence. *Id.* After *Johnson*, a sentence imposed under the residual clause of the ACCA is not a legitimate sentence because it falls outside the statutory boundaries. *See id.* The application of *Johnson* to Guidelines cases similarly reduces the offenses which merit an enhanced Guidelines range. *See Madrid*, 805 F.3d at 1213. The United States argues that the advisory nature of the Sentencing Guidelines makes this effect procedural rather than substantive because an above-Guidelines sentence is not illegal so long as it is still authorized by statute. Resp. at 7–10. But the Court has previously rejected this argument, s*ee Vasquez v. United States*, 16-cv-00678-JAP-WPL (D.N.M. Jan. 10, 2017); *Soto v. United States*, 16-cv-00308-JAP-CG (D.N.M. Sept. 16, 2016), and it will do so again.

A rule that reduces the range of conduct that merits a certain sentence is substantive even if the possibility of that sentence still exists. *See Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016) (holding that reducing the number of juvenile offenders that could constitutionally be subjected to life in prison was a substantive rule even though the sentencing court could still impose the penalty) Similarly here, reducing the number of offenses that qualify as crimes of violence under the Guidelines reduces the range of conduct that will trigger an enhanced penalty and the number of offenders that can reasonably be subject to enhancement.

While all sentencing decisions are within the discretion of the district court and subject to deferential review, a sentence must be reasonable and "the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant" to the reasonableness of a particular sentence. *Gall v. United States*, 552 U.S. 38, 40 (2007). A sentence that falls within the recommended Guidelines range may be presumed to be reasonable. *Id.* But "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Id.* at 46. Although the Guidelines are advisory, they are "the mandatory starting point for a sentencing determination; a district court can be reversed for failing to correctly apply them despite the ability to later deviate from the recommended range." *Madrid*, 805 F.3d at 1211.

The Guidelines therefore provide the basis for the sentence even when the term imposed falls outside the advisory range. *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013). This system, "in practice, make the imposition of a non-Guidelines sentence less likely." *Id.* at 2083–84. "The Sentencing Guidelines represent the Federal Government's authoritative view of the appropriate sentences for specific crimes. " *Id.* at 2085. "[A]n increase in the guidelines range applicable to an offender create[s] a significant risk that [the offender will] receive a higher sentence." *Id.* at 2083; *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("[T]he Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar. The Guidelines inform and instruct the district court's determination of an appropriate sentence. In the usual case, then, the systemic function of the selected Guidelines range will affect the sentence. . . . In most cases a defendant who has shown that the district court

mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome.").

Because any deviation from the Guidelines must be justified as reasonable based on individualized circumstances, the Court finds that reducing the range of conduct that merits an enhanced Guidelines range also reduces the number of offenders that can still reasonably be subjected to such a lengthy term. The Court concludes that the rule announced in *Johnson* is a substantive rule that applies retroactively to Guidelines cases on collateral review.

### C. Petitioner's Classification as a Career Offender

The Court will now turn to the merits of Petitioner's claim.[1] For Petitioner's burglary conviction to support a career offender enhancement after *Johnson*, the offense must contain an element of physical force or must fit within the generic definition of "burglary of a dwelling." § 4B1.2(a); *see also United States v. Rivera-Oros*, 590 F.3d 1123, 1126–27 (10th Cir. 2009). This determination depends only on the legal definition of the crime, and ignores the factual basis for the conviction. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). The New Mexico burglary statute states:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

---

[1] The United States reserved its right to submit supplemental briefing on this issue only if the Supreme Court were to hold that *Johnson* is retroactively applicable to Guidelines cases. Resp. at 9. Petitioner did not raise the United States' failure to address the merits in his Reply.

NMSA 1978, § 30-16-3 (1971). Because the statute does not contain an element of force, Petitioner's conviction is a crime of violence only if his offense qualifies as "burglary of a dwelling" within the meaning of § 4B1.2(a). *See Rivera-Oros*, 590 F.3d at 1126–27.

The New Mexico burglary statute as a whole is broader than the generic offense because it criminalizes the unauthorized entry of any vehicle, watercraft, aircraft, or other structure. *See United States v. Ramon Silva*, 608 F.3d 663, 665 (10th Cir. 2010). But it is divisible into two separate crimes: Subsection (A), the burglary of a dwelling house; and Subsection (B), the burglary of a vehicle, watercraft, aircraft, or other structure. *See State v. Ervin*, 1981-NMCA-068, ¶ 3, 96 N.M. 366, 630 P.2d 765 ("Our burglary statute [] differentiates between residential burglary and burglary of other structures."). Petitioner contends that New Mexico has broadened the definition of "dwelling" so that the two subsections are "intertwined" and "the reality is that New Mexico's burglary statute is an indivisible whole." Pet. at 8–9. But a statute that lists elements in the alternative creates different offenses, and a court can inquire into which of those alternatives provided the basis for conviction. *See Mathis*, 136 S. Ct. at 2249.

Employing the modified-categorical approach, the Court will examine the charging documents and plea agreement to determine the nature of Petitioner's conviction. *See Ramon Silva*, 608 F.3d 663, 665–66. Petitioner contends that because he was initially charged under a different statute and the plea agreement does not cite the statute of conviction, it is impossible to determine whether he pleaded guilty to Subsection (A) or Subsection (B). Pet. at 7. The Court disagrees. Petitioner was indicted for "enter[ing a] dwelling house," Pet. Ex. A, and pleaded guilty to "residential burglary, a 3rd degree felony," Pet. Ex. B. Section 30-16-3(A) is a third degree felony specifically requiring entry of a "dwelling house," while Section 30-16-3(B) is a

9

fourth degree felony applicable to other unauthorized entries. *See* § 30-16-3. The Court therefore concludes that Petitioner pleaded guilty under Subsection (A) to burglary of a dwelling house.

Petitioner argues further that even a conviction under Subsection (A) is not a crime of violence because New Mexico has interpreted "dwelling house" more broadly than the generic definition. Pet. at 8–9. A "dwelling house" is not defined in New Mexico state statutes, but is defined by state court rules as "any structure, any part of which is customarily used as living quarters." UJI 14-1631 NMRA. Petitioner asserts that this definition would allow a vehicle, boat, shed, or "sturdy box in which someone customarily resides" to qualify as a dwelling house. Pet. at 8. Petitioner seems to contend that this expansion allows New Mexico's statute to reach conduct not included within the generic definition of "burglary of a dwelling." Pet. at 8–9.

The Court has previously rejected the theory that New Mexico has so drastically expanded the meaning of "dwelling house." *See Turrieta v. United States*, No. 16 CV 395 JAP/KK (D.N.M. Oct. 28, 2016). But even if Petitioner's interpretation were correct, this would not put Section 30-16-3(A) beyond the reach of § 4B1.2(a). The definition of "burglary of a dwelling" under the Sentencing Guidelines is not identical to that of generic burglary under the ACCA. *Rivera-Oros*, 590 F.3d at 1128–32. As interpreted by *Taylor v. United States*, 495 U.S. 575, 598 (1990), generic burglary under the ACCA does not extend to vehicles. But for the purposes of § 4B1.2(a), "a dwelling is not limited to permanent and immovable structures or buildings[, but] includes any enclosed space that is used or intended for use as a human habitation." *Rivera-Oros*, 590 F.3d at 1132 (internal quotation marks omitted). The Court concludes that New Mexico's definition of "dwelling house" as a structure "customarily used as living quarters" substantially corresponds to that of "burglary of a dwelling" in § 4B1.2(a). *See*

*id.* at 1133. Consequently, Petitioner's conviction under Section 30-16-3(A) remains a crime of violence after *Johnson* and Petitioner is appropriately classified as a career offender.

The Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Petitioner has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that:

1) The United States' MOTION FOR A STAY OF PROCEEDINGS UNTIL THE SUPREME COURT ISSUES ITS OPINION IN *BECKLES V. UNITED STATES* (Doc. No. 9) is DENIED; and

2) DEFENDANT CHRISTOPHER HOPSON'S PETITION TO CORRECT HIS ILLEGAL SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1) is DISMISSED with prejudice; a certificate of appealability is DENIED; and Final Judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE